# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# Civil Action No: 1:09-cv-699

| | |
|---|---|
| RALEIGH FLEX OWNER I, LLC,<br>A Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>MARKETSMART INTERACTIVE, INC.,<br>a North Carolina Corporation,<br>and MARKETSMART ADVERTISING, INC.,<br>a North Carolina Corporation.<br><br>Defendants. | COMPLAINT |

Raleigh Flex Owner I, LLC, the Plaintiff in this action ("RFO" or "Plaintiff"), by and through its attorneys, Hunton & Williams, LLP, files this Complaint against Defendants MarketSmart Interactive, Inc. ("Interactive") and MarketSmart Advertising, Inc. ("Advertising"). Interactive and Advertising are hereinafter collectively referred to as the "Defendants."

## INTRODUCTION AND SUMMARY

1.  The Defendants, Interactive and Advertising, sought to deprive RFO of the benefits under a lease agreement by engaging in the scheme described in more detail in this Complaint.

2. Both Defendants Interactive and Advertising are liable to RFO for the breach of a lease agreement for certain real property located in Morrisville, North Carolina.

3. The scheme employed by the Defendants Interactive and Advertising was placed into full action around the time that RFO purchased the real estate and received an assignment of the lease from the original owner and landlord under the lease in early 2007.

4. In addition to damages for the breach of the lease agreement, both Interactive and Advertising are liable to RFO for unfair and deceptive trade practices as allowed under Chapter 75 of the North Carolina general statutes.

5. The damages that RFO is entitled to recover from Defendants Interactive and Advertising, jointly and severally, exceed $180,000 and shall increase through the date of trial.

## PARTIES

6. Plaintiff RFO is a limited liability company organized under the laws of the State of Delaware.

7. RFO maintains its principal place of business in the State of Michigan.

8. RFO is authorized to conduct business in the State of North Carolina.

9. Defendant Interactive was incorporated under the laws of North Carolina.

10. Upon information and belief, Interactive maintains its principal place of business at 2530 Meridian Parkway, Durham, North Carolina 27713.

11. Defendant Advertising was incorporated under the laws of North Carolina.

12. Advertising maintains its principal place of business at 2530 Meridian Parkway, Durham, North Carolina 27713.

## JURISDICTION AND VENUE

13. RFO restates the remaining allegations of this Complaint in this paragraph as if fully set forth herein.

14. This Court has jurisdiction under 28 U.S.C. §1332 because there is complete diversity of citizenship between the Plaintiff and the Defendants and the amount in controversy exclusive of interests and costs, exceeds the sum or value of $75,000.

15. This Court has personal jurisdiction over the Defendant and venue is proper in the Middle District of North Carolina pursuant to 28 U.S.C. §1391 as the Defendants reside in Durham, North Carolina.

## FACTUAL BACKGROUND

16. RFO restates the remaining allegations of this Complaint in this paragraph as if fully set forth herein.

17. RFO is the owner of commercial real estate located in Morrisville, North Carolina known as the Eastridge at Perimeter Park (the "Perimeter Park Property").

18. RFO acquired the Perimeter Park Property from the prior owner when it closed on the purchase of the Perimeter Park Property on March 27, 2007.

3

19. In conjunction with RFO's purchase of the Perimeter Park Property, RFO received an assignment of the lease which is, in part, the subject matter of this Complaint assigning to RFO that certain lease agreement dated November 24, 2003 between Duke Realty and WebSourced, Inc., a North Carolina corporation (the "Lease" attached at Exhibit "A" hereto).

20. The Lease was executed on behalf of WebSourced, Inc. by Stephen P. Martin, its President. (*See* Lease at Exhibit A.).

21. On January 5, 2006, WebSourced, Inc. filed Articles of Amendment of Articles of Incorporation of WebSourced, Inc. with the North Carolina Secretary of State amending the Articles of Incorporation and changing the name of WebSourced, Inc. to MarketSmart Interactive, Inc. (*See* Articles of Amendment attached at Exhibit B.).

22. WebSourced, Inc. incorporated under the laws of North Carolina on or around June 21, 2002.

23. On or about July 6, 2004, the North Carolina Secretary of State notified WebSourced, Inc. that it was subject to administrative dissolution.

24. On or about July 6, 2004, the North Carolina Secretary of State notified WebSourced, Inc. that it was not in compliance with the North Carolina Business Corporation Act.

25. Upon information and belief, WebSourced, Inc. and/or MarketSmart Interactive did not maintain the required corporate records and did not comply with all of the necessary corporate formalities.

4

26. On or around January 11, 2005, MarketSmart Acquisition Sub, Inc. ("MarketSmart Acquisition") filed articles of incorporation with the North Carolina Secretary of State noting that the principal office and mailing address of MarketSmart Acquisition was 300 Perimeter Park Drive, Suite D, Morrisville, North Carolina, the property subject to the Lease.

27. S. Patrick Martin executed the MarketSmart Acquisition Articles of Incorporation on January 10, 2005. (*See* MarketSmart Acquisition Articles of Incorporation attached at Exhibit C.).

28. On January 14, 2005, MarketSmart Acquisition was merged into Advertising by the filing of Articles of Merger merging MarketSmart Advertising, Inc. into MarketSmart Acquisition Sub, Inc. that were executed on January 12, 2005, by S. Patrick Martin, as President. (*See* MarketSmart Acquisition/Advertising Merger Documents attached at Exhibit D.).

29. According to the MarketSmart Acquisition/Advertising Merger Documents, the resulting corporation following the merger would have the name of MarketSmart Advertising, Inc. *Id.* The plan of merger was adopted by MarketSmart Advertising's parent corporation, CGI Holding Corporation, which is organized under the laws of Nevada. (*Id.*).

30. On February 23, 2007, as part of the events leading to RFO's purchase of the Perimeter Park Property, an estoppel certificate (the "Estoppel Certificate") relating to the Lease was executed and delivered to FIRSTCAL Industrial 2 Acquisition, LLC

5

among others, and their successors and assigns, denominated as landlord under the Estoppel Certificate as well as other parties including Lutz Real Estate Investments, LLC and successors and assigns denominated as the successor landlord under the Estoppel Certificate. (*See* Estoppel Certificate attached at Exhibit E.).

31. On or about February 23, 2007, Gregory J. Cox, in his capacity as the Vice President of MarketSmart Advertising, Inc., executed the Estoppel Certificate. (*See* Estoppel Certificate attached at Exhibit E.).

32. Upon information and belief, at the time that Gregory J. Cox executed the Estoppel Certificate on or about February 23, 2007 and delivered it to FIRSTCAL Industrial 2 Acquisition, LLC, MarketSmart Advertising, Inc. knew or had sufficient information to know that MarketSmart Interactive, Inc. would be filing articles of dissolution with the North Carolina Secretary of State less than three weeks later.

33. Neither MarketSmart Interactive, Inc. nor MarketSmart Advertising, Inc. disclosed to FIRSTCAL Industrial 2 Acquisition, LLC, Lutz Real Estate Investments, LLC, or their representatives or affiliates that they knew or had reason to know that MarketSmart Interactive, Inc. would be filing articles of dissolution with the North Carolina Secretary of State less than three weeks after the Estoppel Certificate was executed.

34. Pursuant to the Estoppel Certificate, Advertising represented that the Lease is valid and in full force and effect and that the date of termination of the term of the Lease was March 24, 2014. *Id.*

35. Under the Estoppel Certificate, Advertising warranted and represented that there were no uncured defaults under the Lease and that there were no events or conditions that would constitute a default under the Lease. *Id.*

36. Pursuant to the Estoppel Certificate, Advertising warranted and represented that the base rent under the Lease was $20,543.43 per month, which was consistent with the provisions of Paragraph (E) of the Lease. (*See* Estoppel Certificate and Lease attached at Exhibits E and A, respectively.).

37. Pursuant to the Estoppel Certificate, Advertising warranted and represented that the additional rent (consisting of taxes and other items defined as rent under the Lease) was $7,311.68 per month. (*See* Estoppel Certificate attached at Exhibit E.).

38. Pursuant to the Estoppel Certificate, Advertising warranted and represented that the address for notices and other information to be delivered to the tenant under the Lease was the address as set forth in the Lease. *Id.*

39. After RFO closed on the purchase of the Perimeter Park Property and beginning on June 1, 2007, Think Partnership, Inc. began delivering monthly rental payments to RFO in the amount of $28,474.51 on behalf of Advertising. (*See* checks attached at Exhibit F.).

40. The monthly rental amount consists of the $7,311.68 for the additional rent under the Lease as set forth in the Estoppel Certificate and the monthly rental installments for the time period beginning March 1, 2007 in the amount of $21,162.83 as set forth in the Lease.

7

41. Starting November 15, 2007, MarketSmart Advertising began delivering rental payments under the Lease to RFO utilizing the same Wachovia Bank, N.A. account utilized by Think Partnership, Inc. (*See* checks attached at Exhibit G.).

42. In mid 2009, RFO through its counsel received notification from counsel and other agents of Interactive asserting that Interactive was dissolved in March, 2007. In conjunction with these allegations, the Defendants, through their counsel and agent, provided RFO with articles of dissolution of Interactive filed on March 14, 2007, by Vaughn W. Duff, Interactive's general counsel, at the direction of Interactive's sole shareholder. (*See* Interactive Dissolution at Exhibit H.).

43. Prior to providing RFO with the Interactive Dissolution document, Advertising's consultant, Rick Wnuk, corresponded with RFO's leasing agent noting that Advertising was interested in meeting to discuss its lease of 300 Perimeter Park in Morrisville, North Carolina with RFO. (*See* correspondence attached at Exhibit I.).

## FIRST CAUSE OF ACTION
## BREACH OF THE LEASE – INTERACTIVE

44. RFO restates the remaining allegations of this Complaint in this paragraph as if fully set forth herein.

45. RFO has performed all of its obligations under the Lease.

46. Under Article 11 of the Lease, Interactive was allowed to assign or sublease its interest under the Lease with RFO's prior written consent.

8

47. Under Article 11 of the Lease, Interactive remained liable under the Lease in the event that Interactive's interest under the Lease was assigned.

48. Under Article 11 of the Lease, the acceptance of rent from any other person other than Interactive was not to be deemed a waiver of any provision of the Lease.

49. Interactive did not obtain RFO's consent to the assignment of the Lease and is in breach of Article 11 of the Lease.

50. Under Article 3 of the Lease, Interactive was required to pay to RFO the base rent as well as the additional rent on the first day of each calendar month during the lease term through February 28, 2014.

51. Interactive has failed to pay to RFO the monthly rent due on August 1, 2009 and September 1, 2009.

52. In August 2009, Interactive and Advertising abandoned the premises leased by RFO under the Lease.

53. RFO has commenced the process of reletting the premises leased to Interactive and Advertising under the Lease and based on the condition of the premises, shall incur expenses in the minimum amount of $120,000 in preparing the leasehold for any subsequent tenant.

54. RFO is entitled to damages for unpaid rent for August 2009, September 2009 and expenses necessary to relet the premises in the minimum amount of $180,000.

55. RFO is entitled to damages for unpaid rent for remainder of the lease term as provide in the Lease and reserves its right to obtain such damages.

56. RFO is entitled to additional damages from Interactive in an amount to be determined at the time of trial in this matter pursuant to the terms of the Lease.

## SECOND CAUSE OF ACTION
## BREACH OF THE LEASE – ADVERTISING

57. RFO restates the remaining allegations of this Complaint in this paragraph as if fully set forth herein.

58. RFO has performed all of its obligations under the Lease.

59. Under Article 3 of the Lease, Advertising was required to pay to RFO the base rent as well as the additional rent on the first day of each calendar month during the lease term through February 28, 2014.

60. Advertising has failed to pay to RFO the monthly rent due on August 1, 2009 and September 1, 2009.

61. In August 2009, Interactive and Advertising abandoned the premises leased by RFO under the Lease.

62. RFO has commenced the process of reletting the premises leased to Interactive and Advertising under the Lease and based on the condition of the premises, shall incur expenses in the minimum amount of $120,000 in preparing the leasehold for any subsequent tenant.

63. RFO is entitled to damages for unpaid rent for August 2009, September 2009 and expenses necessary to relet the premises in the minimum amount of $180,000.

64. RFO is entitled to damages for unpaid rent for remainder of the lease term as provide in the Lease and reserves its right to obtain such damages.

65. RFO is entitled to additional damages from Advertising in an amount to be determined at the time of trial in this matter pursuant to the terms of the Lease.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT - N.C. GEN. STAT. § 75-1, *et seq.*

66. RFO restates the remaining allegations of this Complaint in this paragraph as if fully set forth herein.

67. Defendants' actions as described herein are business activities affecting commerce as defined by N.C. GEN. STAT. § 75-1.1

68. Defendants Interactive and Advertising's willful and calculated actions set forth above including the deceptive conduct regarding the tenant under the Lease and the deceptive conduct in dissolving Interactive without providing notice to RFO constitute a violation of N.C. GEN. STAT. § 75-1.1, as an unfair and deceptive method of competition or trade practice in or affecting commerce. The Defendants Interactive and Advertising's actions were unethical, unscrupulous and had a tendency to deceive.

69. The Defendants Interactive and Advertising's actions were willful, immoral, unethical, malicious, unscrupulous or substantially injurious.

70. The Defendants Interactive and Advertising were at all times relevant to this Complaint engaged in or effecting commerce within North Carolina and beyond.

11

71. The Defendants Interactive and Advertising's unfair and deceptive trade practices have directly and proximately caused actual damages to RFO well in excess of $75,000.

72. Under N.C. GEN. STAT. § 75-16.1, RFO is entitled to reasonable attorney's fees for injuries directly and proximately caused by Defendants' unfair and deceptive actions.

73. RFO's business has been injured as a direct and proximate result of Defendants Interactive and Advertising's willful actions and pursuant to N.C. Gen. Stat. § 75-16, RFO is entitled to treble damages as a result.

## FOURTH CAUSE OF ACTION
## COMMON LAW FRAUD AND MISREPRESENTATION

74. RFO restates the remaining allegations of this Complaint in this paragraph as if fully set forth herein.

75. As set forth above, at the time that Gregory J. Cox executed the Estoppel Certificate on or about February 23, 2007 and delivered it to FIRSTCAL Industrial 2 Acquisition, LLC, MarketSmart Advertising, Inc. knew or had sufficient information to know that MarketSmart Interactive, Inc. would be filing articles of dissolution with the North Carolina Secretary of State less than three weeks later.

76. Upon information and belief, at the time that Gregory J. Cox executed the Estoppel Certificate on or about February 23, 2007 and delivered it to FIRSTCAL Industrial 2 Acquisition, LLC, MarketSmart Interactive, Inc. knew or had sufficient

information to know that MarketSmart Interactive, Inc. would be filing articles of dissolution with the North Carolina Secretary of State less than three weeks later.

77. On or about February 23, 2007, MarketSmart Advertising, Inc. failed to disclose to FIRSTCAL Industrial 2 Acquisition, LLC, Lutz Real Estate Investments, LLC, or their representative or affiliates that MarketSmart Advertising, Inc. knew or had reason to know that MarketSmart Interactive, Inc. would be filing articles of dissolution with the North Carolina Secretary of State less than three weeks after the Estoppel Certificate was executed.

78. On or about February 23, 2007, MarketSmart Interactive, Inc. failed to disclose to FIRSTCAL Industrial 2 Acquisition, LLC, Lutz Real Estate Investments, LLC, or their representative or affiliates that MarketSmart Interactive, Inc. knew or had reason to know that MarketSmart Interactive, Inc. would be filing articles of dissolution with the North Carolina Secretary of State less than three weeks after the Estoppel Certificate was executed.

79. At the time that the Estoppel Certificate was executed, MarketSmart Advertising, Inc. never intended to comply fully with its obligations under the Lease.

80. At the time that the Estoppel Certificates was executed, MarketSmart Interactive, Inc. never intended to comply fully with its obligations under the Lease.

81. RFO reasonably relied on Defendants' misrepresentations and omissions and has been proximately damaged by Defendants' material misrepresentations and

13

Case 1:09-cv-00699-NCT-LPA   Document 1   Filed 09/10/09   Page 13 of 14

omissions, including but not limited to the misrepresentations and omissions expressly set forth above, in an amount to be determined at trial.

**WHEREFORE,** RFO respectfully prays that this Court grant all relief that is available under the law and equity including damages for Interactive's breach of the Lease exceeding $180,000, damages for Advertising's breach of the Lease exceeding $180,000, damages that RFO is entitled to under N.C. GEN. STAT. § 75-1, *et seq.* including reasonable attorney's fees and treble damages and all other damages and relief that are available to RFO under the circumstances of this case.

This 10th day of September, 2009.

*/s/ Dana C. Lumsden*
Dana C. Lumsden [N.C. Bar. No. 32497]
Megan E. Miller [N.C. Bar. No. 34104]
HUNTON & WILLIAMS LLP
Bank of America Plaza
101 South Tryon Street, Suite 3500
Charlotte, NC 28280
(704) 378-4700
(704) 378-4890 ~ Fax

George A. Sumnik* (P P41291)
JAFFE RAITT HEUER & WEISS, P.C.
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
P.O. Box 21927 (27420)
(248) 351-3000
(248) 351-3082 ~ Fax

*pro hac vice* admission pending

ATTORNEYS for PLAINTIFF
RALEIGH FLEX OWNER I, LLC